UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-107-TWP-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| DWAYNE DABNEY | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00107-TWP-TAB |
| ) | |
| DWAYNE DABNEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Dwayne Dabney's ("Mr. Dabney") Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 68.) Mr. Dabney seeks immediate release from incarceration because he is at an increased risk of experiencing severe symptoms if he contracts COVID-19. (Dkt. 69.) For the reasons explained below, his motion is **denied**.

## I. BACKGROUND

In May 2019, Mr. Dabney pled guilty to Count One: of possession with intent to distribute 28 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and Count Two: possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). (Dkt. 60.) According to the parties' Stipulated Factual Basis, on May 17, 2017, federal agents executed a search warrant at Mr. Dabney's residence, during which they found: (1) a baggie containing a small quantity of powder cocaine; (2) a baggie containing a small amount of marijuana; (3) a baggie containing 47 grams of crack cocaine; (4) $1,585.00 in U.S. currency; (5) a Smith and Wesson magnum revolver and six .44 magnum bullets; (6) a Glock model .45 caliber pistol with an extended magazine containing 11 rounds of ammunition; and (7) a key to Mr. Dabney's

"stash/trap house." (Dkt. 59 at 2.) At his sentencing hearing, the Court explained that Mr. Dabney's criminal history showed that he had been involved in drug dealing since the age of 19; and, despite numerous convictions and three extended terms of incarceration, he resumed his criminal activity following each release. The Court explained that Mr. Dabney's actions in the instant offense almost mirror the conduct that led to his 2003 conviction for in this court for Felon in Possession of Firearm and Ammunition, in which Mr. Dabney was sentenced to 77 months' imprisonment. (*See* 1:03-cr-00052). The advisory guideline calculation was 60 months' imprisonment, and the Court sentenced Mr. Dabney to 72 months' imprisonment followed by 4 years of supervised release. (Dkt. 61.)

Mr. Dabney is now 51 years old. He is currently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown"). As of January 28, 2021, the Bureau of Prisons ("BOP") reports that 84 inmates and 5 staff members at FCI Morgantown have active cases of COVID-19; it also reports that 146 inmates and 25 staff members at FCI Morgantown have recovered from the virus. *See* https://www.bop.gov/coronavirus/ (last visited Jan. 28, 2021). No inmates at FCI Morgantown have died from the virus. *Id.*

Mr. Dabney was arrested on May 17, 2017, and has remained in custody since that time. (Dkts. 7, 12.) The BOP reports that his anticipated release date (with good-time credits included) is June 27, 2022. On November 15, 2020, retained counsel filed a motion for compassionate release and supporting memorandum on behalf of Mr. Dabney. (Dkts. 68, 69.)

The Government responded in opposition asserting that Mr. Dabney's motion should be denied because he does not present "extraordinary and compelling reasons" for a sentence reduction, and the factors of 18 U.S.C. § 3553(a) also weigh against release. (Dkt. 73). On December 7, 2020, Mr. Dabney filed a letter in reply. (Dkt. 74). In his letter, he expresses remorse

for his past criminal behaviors, regrets that his conduct that has taken him away from his children, grandchildren and other family members, reports that the guards at his institution do not always wear masks, and reminds the Court that he received an above guideline sentence. *Id.*

## II.   DISCUSSION

Mr. Dabney seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). (Dkts. 68, 69.)  Mr. Dabney contends that he is at an increased risk of experiencing severe symptoms if he contracts COVID-19 because he suffers from hypertension and sleep apnea and that he cannot adequately protect himself from infection while incarcerated at FCI Morgantown.  *Id.*  In response, the Government argues that Mr. Dabney has not presented an extraordinary and compelling reason warranting a sentence reduction and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release.  (Dkt. 73.)

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c).  Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018).  The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment

---

[1] The Government concedes that Mr. Dabney has exhausted his administrative remedies.  (Dkt. 73 at 4, n.4.)

>    (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>    (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c) contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in

6

§ 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Dabney does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case. The Court must decline to do so.[2]

The risk that Mr. Dabney faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. People with hypertension may face an increased risk of experiencing severe symptoms if they contract COVID-19[3]. However, it is unclear from his medical records whether Mr. Dabney actually suffers from hypertension at this time. (*See* Dkt. 73-3 at 42-43.) Nevertheless, even assuming that hypertension is one of his current medical

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court has considered the rationale provided by the warden and Mid-Atlantic Regional Director of the Bureau of Prisons in denying Mr. Dabney's administrative request for relief. Both the warden and regional director appear not to have considered the possibility that Mr. Dabney could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsections (A) through (C). (*See* Dkt. 68-2 at 3, 6.) Thus, those decisions provide little guidance to the Court's analysis.

[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Jan. 28, 2021).

conditions, hypertension is a very common and often medically controlled condition, according to the CDC. *See* https://www.cdc.gov/bloodpressure/facts.htm (noting that nearly half of adults in the United States have hypertension or are taking medication for hypertension), and this Court has consistently held that hypertension alone is not an extraordinary and compelling reason warranting a sentence reduction, *see United States of America v. Jones*, No. 1:15-cr-92-JMS-MJD-01, Dkt. 65 (S.D. Ind. Sept. 17, 2020); *United States v. Davis*, No. 3:02-cr-2-RLY-CMM-01, Dkt. 142 (S.D. Ind. Nov. 17, 2020).

Mr. Dabney also has sleep apnea, which he contends puts him at increased risk of experiencing severe symptoms if he contracts COVID-19. Sleep apnea, however, does not appear on the Centers for Disease Control and Prevention's (CDC) list of such conditions. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Jan. 28, 2021). In fact, sleep apnea does not even appear on the CDC's list of conditions that *might* increase an individual's risk for severe illness if they contract COVID-19. *Id.* This Court has consistently denied motions for compassionate release from defendants—like Mr. Dabney—who are not at an increased risk of developing severe symptoms if they contract COVID-19. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases). Accordingly, in keeping with those prior decisions, the Court concludes that the risk presented by COVID-19 does not present an extraordinary and compelling reason warranting a sentence reduction for Mr. Dabney.

Given the Court's determination that Mr. Dabney has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether Mr. Dabney is a

danger to the community and whether the § 3553(a) factors weigh in favor of his release. *Id.* (concluding that it is not necessary to address the § 3553(a) factors or the question of danger to the community because the defendant had not demonstrated that extraordinary and compelling reasons justify any modification to his sentence). Still, the Court notes that Mr. Dabney has maintained good conduct, taken numerous courses and he may no longer be a danger to the community.

### III. CONCLUSION

The Court acknowledges and shares Mr. Dabney's concerns for his health, especially in light of the breakout of COVID-19 at FCI Morgantown which reports 84 inmates and 5 staff members have active cases of COVID-19. Should Mr. Dabney's medical conditions or health circumstances change, he may file another Motion. But for the reasons stated above, Mr. Dabney's motion for Compassionate Release, Dkt. [68], is **DENIED**.

**SO ORDERED.**

Date: 2/5/2021

*[Signature: Tanya Walton Pratt]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dwayne Dabney, #07131-028
FEDERAL CORRECTION INSTITUTION
P.O. Box 1000
Morgantown, West Virginia  26507

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov